IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3107 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RANDY CROSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 7, the motion for extension of time to pay filing fee filed by the plaintiff.  In filing no. 5, this court ordered the plaintiff to pay his $6.62 initial partial filing fee to the Clerk of Court by June 20, 2005.  In his motion, the plaintiff has explained problems he has experienced in paying his filing fee.  Because of the plaintiff's showing of good cause in his motion, the plaintiff's case will not be dismissed for nonpayment of the initial partial filing fee by the original deadline, and any necessary extension of time is hereby granted.  In general, a plaintiff's case will not be dismissed for nonpayment without a considerable period of prior notice and an opportunity to request additional time.

Filing no. 7 is granted.  The initial partial filing fee shall be paid on or before August 3, 2005, unless a timely motion for an extension of that deadline is granted.  Filing no. 8 is denied as moot.

This matter is before the court on filing no. 9, the motion for appointment of counsel filed by the plaintiff.  The court cannot routinely appoint counsel in civil cases.  In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) The plaintiff has capably presented the factual basis for the claims in this proceeding.  I find that appointment of counsel is not necessary to enable the plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

IT IS THEREFORE ORDERED:

1.      That filing no. 7 is granted;

2.      That filing no. 8 is denied as moot; and

3.      That filing no. 9 is denied.

DATED this 21st day of July, 2005.

BY THE COURT:



s/F.A. GOSSETT
United States Magistrate Judge