IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | 4:05cv3107 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| RANDY CROSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the Amended Complaint (filing no. 11) filed by the plaintiff, Tyrell Knight, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS").   The plaintiff, proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. He seeks relief from two defendants, corrections official Randy Crosby and Governor Dave Heineman, for deprivations of due process in connection with prison disciplinary proceedings.   The defendants are sued in their individual and official capacities.

**Eleventh Amendment**

The plaintiff cannot recover damages from the defendants in their *official* capacity. A suit against a public employee in the employee's official capacity is actually a suit against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the officer.

State sovereign immunity, recognized and preserved by the Eleventh Amendment to the U.S. Constitution, prohibits a plaintiff from suing a state, state agency or state employee in the employee's official capacity for monetary relief, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity.  See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998):  "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability."   See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..."  (Citations omitted.)

**PLRA**

Another limitation on monetary relief in this case is imposed by the Prison Litigation Reform Act ("PLRA").  The PLRA limits the recovery of damages for emotional distress.

See 42 U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

The PLRA also states, in 42 U.S.C. § 1997e(a), that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) means that usually, if grievance procedures were available to a plaintiff, and the plaintiff did not complete the available grievance procedures before filing a lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

However, in Nebraska, grievances may not be filed regarding disciplinary actions.  See Neb. Rev. Stat. § 83-4,135, which states:  "An inmate shall have the right to file a grievance on any subject **except disciplinary actions** and matters over which the Department of Correctional Services has no control.  Grievance procedures shall provide for the review of grievances by a person or persons other than the person or persons directly responsible for the conditions or actions against which the grievance is filed."  (Emphasis added.)  Therefore, it appears that the usual prison grievance procedures do not apply to complaints about prison discipline in DCS facilities.

This case is assigned to the docket of District Judge Richard G. Kopf.  However, a Magistrate Judge may conduct initial review.  I find that the plaintiff's complaint need not be dismissed on initial review.  Therefore, as initial review of the complaint is now concluded, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.  Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.      To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.

2.      The Clerk of Court is directed to provide the plaintiff with a copy of this order and two summons forms along with two Form-285s (one of each for service on each defendant in his official capacity, and one of each for service on each defendant in his individual capacity).

3.      When completing forms for service of process on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part:

(1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General.

The  address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

On the other hand, state employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

4.      Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  The Marshal shall serve each summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5.      Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.   However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6.      If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court.  Parties usually serve copies of documents on other parties by first class mail.

8       The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant.  To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9.      A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

10.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

12.     General instructions for completing the forms for service of process are attached to this Order.

DATED this 24th day of October, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.      A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.      A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.      Do not copy your complaint to attach to the summons; the court will do that for you.

4.       You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.      Be sure to print your case number on all forms.

6.      You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.      Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8       Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

9       Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

10.     Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.